**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1757**

_____

MIKE DUFFY,

                    Plaintiff - Appellant,

          v.

BELK, INC.,

                    Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:10-cv-00021-GCM)

_____

Argued:  March 23, 2012          Decided:  April 23, 2012

_____

Before GREGORY, KEENAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished opinion.  Judge Gregory wrote the opinion, in which Judge Keenan and Judge Floyd joined.

_____

**ARGUED:** Carol Nelkin, NELKIN & NELKIN, PC, Houston, Texas, for Appellant.  James Bernard Spears, Jr., OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC, Charlotte,  North Carolina, for Appellee. **ON BRIEF:**  Stuart M. Nelkin, NELKIN & NELKIN, PC, Houston, Texas, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

Appellant Mike Duffy appeals the district court's grant of summary judgment in favor of Appellee Belk, Inc. Duffy claims that the district court erred in finding that he failed to establish a prima facie case of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a) (1999). Duffy contends that Belk discriminated against him twice. First, it eliminated Duffy's position as director of customer relationship management ("Director of CRM") and consolidated his duties with those of Lis Cravens, then vice president of marketing and customer research. Having eliminated both Duffy's and Cravens's positions, Belk selected Cravens, who is twenty years Duffy's junior, to assume the new position. Second, Duffy claims that Belk discriminated against him when it failed to assign him to one of two positions after his job was eliminated.

Belk contends that Duffy has not established a prima facie case for age discrimination and, in any event, it had legitimate, non-discriminatory business reasons for its decision: the elimination of Duffy's position was due to a reduction in force, and the selection of Cravens for the new position was based on her prior experience and education. Further, Belk argues that it had legitimate reasons to select other individuals to fill the two positions. The district court

2

granted summary judgment in favor of Belk and held that Duffy neither established a prima facie case for age discrimination nor offered sufficient evidence to show that Belk's business reasons for its decision were pretexts for age discrimination. Duffy timely appealed this decision. For the following reasons, we affirm, holding that while Duffy has established a prima facie case of age discrimination, he has failed to show that Belk's legitimate business reasons for its actions are pretextual.

## I.

We review de novo the district court's grant of summary judgment. Med. Waste Assocs. Ltd. P'ship v. Baltimore, 966 F.2d 148, 150 (4th Cir. 1992). To survive summary judgment, Duffy must show that there is a genuine issue of material fact that Belk discriminated against him due to his age. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Under the ADEA, a plaintiff "must prove, by a preponderance of the evidence, that age was the 'but for' cause of the challenged adverse employment action." Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2352 (2009). A plaintiff can prove the claim either through direct or circumstantial evidence, see Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284 (4th Cir. 2004), or by

the McDonnell Douglas burden-shifting framework, McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Both parties agree that the McDonnell Douglas framework applies in this case. Under this framework, the plaintiff must first satisfy the elements of a prima facie case of age discrimination. 411 U.S. at 802. If the plaintiff satisfies this initial burden, then the burden of production shifts to the employer to show that its decision to terminate the plaintiff is based on a legitimate, non-discriminatory reason. Hill, 354 F.3d at 285. The burden then shifts back to the plaintiff who must prove by a preponderance of the evidence that the reason given is a pretext for age discrimination. Id.

This framework is not altered in the context of summary judgment. See Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1317 (4th Cir. 1993). Further, while summary judgment favors the nonmoving party in its interpretation of the facts, in the context of employment discrimination cases "[i]t is not for this court . . . to direct the business practices of any company," EEOC v. Clay Printing Co., 955 F.2d 936, 946 (4th Cir. 1992), nor "sit as a super-personnel department weighing the prudence of employment decisions made by the defendants." Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 272 (4th Cir. 2005) (internal quotation marks and citations omitted).

4

II.

A.

Duffy contends that he has established a prima facie case for age discrimination arising out of the elimination of his position and the selection of Cravens for the consolidated position. The elements of a prima facie case vary depending on the nature of the claim. Dugan v. Albermarle Cnty. Sch. Bd., 293 F.3d 716, 721 n.1 (4th Cir. 2002). Generally in the reduction-in-force context, a prima facie case is met if the plaintiff establishes that (1) he qualifies as a member of the protected class; (2) he was demoted or terminated; (3) at the time of his termination, he met his employer's legitimate expectations; and (4) he was replaced by a substantially younger individual. See id. at 720-21; see also Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 142 (2000).

The district court found that Duffy failed to establish a prima facie case because he did not meet the fourth element.[1] However, the district court did not apply the proper standard for the fourth element in the reduction-in-force context for age discrimination. See J.A. 932 (finding that the fourth element

_____

[1] It is undisputed that at the time of his termination, Duffy was 61 years old and thus qualified as a member of the protected class. It is also undisputed that at the time of his termination, he met Belk's legitimate expectations as Director of CRM.

requires a showing that the employer did not treat the protected status neutrally or there were circumstances giving rise to an inference of discrimination). The proper standard here is whether the plaintiff was "replaced" by a "substantially younger" worker. See Strokes v. Westinghouse Savannah River Co., 206 F.3d 420, 429-30 (4th Cir. 2000).

Twenty years his junior, Cravens is "substantially younger" than Duffy. A closer call is whether Cravens's assumption of the consolidated position is a "replacement" of Duffy. Duffy claims that it was Cravens's and not his position that was eliminated because she received all of his duties and the employees who reported to him. Belk contends that Duffy ignores the fact that the new position was a consolidation of the two prior positions and that Cravens's primary responsibilities in this new position continue to be customer research and analysis work. We have determined before that a transfer of some of a terminated plaintiff's duties to younger workers is sufficient to satisfy the fourth element of a prima facie case of age discrimination. Reed v. Buckeye Fire Equip., 241 F. App'x 917, 927 (4th Cir. 2007) (finding that the terminated plaintiff was replaced by a younger employee when the employer transferred some of his job duties to a 45-year-old employee and then gave the plaintiff's other duties to a 40-year-old employee hired after plaintiff's termination). Here, Belk's decision to

6

terminate Duffy by consolidating his position with Cravens was in fact a transfer of Duffy's duties to the new position. Duffy has proven the fourth element and thus established a prima facie case for age discrimination.[2]

B.

Because Duffy has established a prima facie case for age discrimination, we must consider whether Belk has put forth legitimate, non-discriminatory reasons for its employment decisions. Belk has offered two: the consolidation of the two positions and the termination of Duffy were part of a reduction in force, and Cravens was better suited for the consolidated position. Kathy Bufano, then president of merchandising and marketing and charged by Belk's executive management to advise of any necessary job consolidations, determined that the Director of CRM and vice president of marketing and customer

_____

[2] Because Duffy has established the fourth element, this Court need not address whether the district court erred in rejecting Duffy's statistical evidence to support a prima facie case. Duffy argued that out of the 72 employees in the marketing department, the 2 other employees besides himself whose jobs were eliminated were between the ages of 52 and 62. The district court concluded that this evidence was unpersuasive because "Duffy does not satisfactorily compare the ages of the employees that were fired with other employees in the department to create any reasonable inference of discrimination." J.A. 932. It further noted that one of the fired employees, Paul Michelle, was replaced by an older employee, Jon Pollack. Id. At oral arguments, Duffy's attorney conceded that this court could not infer age discrimination from Michelle's termination.

7

research possessed "like functions." Using as guidance the Sears Brand model for management, she recommended that the positions be consolidated. As part of the consolidation, Bufano proposed that the employees who report to the Director of CRM be placed under the consolidated position. She also suggested that Cravens's responsibility over "special events" -- many of which were fashion-related -- should be transferred to another vice president who already managed the company's fashion shows and trends. Both moves, Bufano reasoned, improved the alignment of "like tasks" under her supervision.

Bufano also recommended that the consolidated position be assigned to Cravens because her experience with marketing strategies would enhance Belk's direct mailing marketing. She also found Cravens's experience as a "brand manager" valuable to the combined functions of the new position. Additionally, Bufano took into consideration Cravens's attainment of an MBA degree and her significant contributions to the company's "Private Brands" merchandise, which the executive management viewed as a critical growth brand for the company's future success. Bufano thus based her recommendation on "strategic business decision[s]" that are "legally sufficient" to support Duffy's termination. Mereish v. Walker, 359 F.3d 330, 335 (4th Cir. 2004). For these reasons, Belk has offered legitimate, non-discriminatory reasons for its decisions.

8

C.

Because Belk put forth legitimate, non-discriminatory reasons for its decision, Duffy bears the final burden of showing that the reasons presented by Belk are merely pretexts for age discrimination. Duffy can establish pretext by establishing that the reasons given are "unworthy of credence" or by presenting other evidence "sufficiently probative of age discrimination." Mereish, 359 F.3d at 336. Duffy presents several arguments in an attempt to show that age discrimination was the basis of Belk's decisions, including (1) Belk knew that he was substantially older than Cravens; (2) his position had never been consolidated with another position before the reduction in force; (3) Belk recognized him as a good employee; and (4) the consolidated position's most important duty was direct mailing, a duty that he was more qualified to manage than Cravens.

As evidence, Duffy points to several items in the record. Neither party disputes that Duffy's position as Director of CRM had never been consolidated with another prior to 2008, and the record indicates that Belk's executive management believed Duffy to be a good employee. And a reasonable jury could infer that Belk at least had constructive knowledge that Duffy, twenty years Cravens's senior, was older than her. However, this evidence is insufficient under our precedent to show that Belk's

9

business reasons for the consolidation of the positions, termination of Duffy, and selection of Cravens were pretexts for age discrimination. See, e.g., Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 512 (4th Cir. 1994) ("In a reduction of work force case, the fact that the duties were assumed by a younger individual is not conclusive of age bias."); Mereish, 359 F.3d at 338-39 (rejecting plaintiffs' argument of pretext that their positions were important to the employer's mission: "The very nature of a [reduction in force] is that some workers must be let go, and difficult decisions have to be made."); Anderson, 406 F.3d at 270 (rejecting plaintiff's argument to show pretext that she was better educated and more experienced than the younger employee when the employer based its decision to promote the younger employee on other legitimate criteria).

Duffy's final contention does not create an inference of pretext either. It is true that Duffy possesses years of experience in direct mailing while Cravens possesses none. See J.A. 631. However, Duffy has not established a record that could support a finding by a preponderance of the evidence that, in his words, "the most important aspect of the combined position involved direct mail." When an employer consolidates two positions it is expected that each position's duties will share a significant part of the consolidated position. Here, the consolidated position comprises duties from both Cravens's

10

and Duffy's former positions, and as Cravens testified, she retained the functions of developing and executing research initiatives, overseeing customer research data, providing strategic direction, developing organizational direction regarding customer research strategies, and participating on the market research committee. J.A 646, 632-42. Duffy makes much of the fact that Belk spends significantly more of its marketing budget on direct mailing than on customer research. However, the amount of money spent on direct mailing is not evidence that the most important of Cravens's duties involves direct mailing.

A plaintiff alleging an ADEA claim must show that the adverse employment action was motivated by age. See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981); Mereish, 359 F.3d at 336 (holding that plaintiffs failed to show pretext despite documented evidence of the employer's desire to protect the "young, bright, junior" employees and the employer's expressed concern with the aging workforce); Dugan, 293 F.3d at 722 (holding that a plaintiff failed to show her employer's reason for demoting her was pretextual for discrimination when the employer did not abide by its own mandatory seniority policy when allocating full-time status between the older, and more senior plaintiff and the younger, more junior employee). In this case, Duffy cannot point to a single reference by Bufano or any other Belk employee that would allow this Court to infer

that age played any, let alone a dispositive, role in his termination. Further, because Cravens was assigned to a consolidated position, this is a decidedly different case than if she had assumed the Director of CRM position. And Duffy has failed to show that the consolidation is a sham because the consolidated position's duties are substantially similar to his terminated position. For these reasons, Duffy's evidence is insufficient to permit an inference that Belk's business reasons for its decisions were pretexts for age discrimination or unworthy of credence. See Holland v. Washington Homes, Inc., 487 F.3d 208, 215 (4th Cir. 2007).

## III.

Finally, we address Duffy's challenge that Belk failed to assign him to one of two positions after his own position was consolidated: director of email content or vice president of advertising planning and analysis. The district court found that Duffy was unable to establish a prima facie case of age discrimination for either position and even if Duffy did present such a showing, he failed to rebut the legitimate non-discriminatory reasons given for hiring other candidates.

The first position, director of email content, was assigned to Carolyn Hartman in December of 2008. Hartman, who at that time was the vice president of advertising planning and

12

analysis, was having a serious romantic relationship with Jon Pollack. Due to Pollack's transfer to a consolidated position, he became a direct supervisor of Hartman in violation of personnel policy. To prevent this conflict of interest, the company assigned Hartman to the director of email content, a position not overseen by Pollack. As a result, Hartman accepted a $30,000 pay cut, as well as a title reduction. This assignment was not a part of Belk's reduction-in-force measures.

The second position was a result of this reassignment. To replace Hartman in her vice president position, Belk executive management promoted Sue Curley. Curley was selected due to her merchant experience, gained during her time at Belk and at her prior job. She was promoted to this position several weeks before Belk's human resources department offered Duffy the choice of assuming two lower-level positions. Duffy declined, however, because neither position met his salary expectation of $160,000.

Duffy argues that Belk should have offered him the position of director of email content instead of Hartman. Neither party addresses whether this challenge should be analyzed under a reduction-in-force framework or the traditional McDonnell Douglas discrimination-in-hiring framework. Regardless, under either framework Duffy does not make out a prima facie case. Duffy has not shown that Belk's reassignment was an adverse

13

employment action against him as required in the reduction-in-force context. Duffy has not presented any evidence that indicates Hartman's reassignment was actually connected to the reduction in force and not solely due to her romantic involvement with Pollack. Nor has he shown, as required in the discrimination-in-hiring context, that he ever applied for the position and was qualified, other than offering his own opinion of his experience relative to Hartman. See McDonnell Douglas, 411 U.S. at 802. Hartman, unlike Duffy, was identified by Belk as someone of "High Potential" whose experience and talent qualified her for two upward promotions if such a position became available. In light of the evidence, Duffy has not made a prima facie case for age discrimination with respect to the director of email content position.

Even if Duffy had established a prima facie case, Belk has offered a legitimate, non-discriminatory reason for transferring Hartman to the position: to avoid a conflict of interest. Duffy's support for a finding of pretext is the fact that Belk was willing to create a new position for Hartman who is younger but was unwilling to create a new position for him. This point overlooks the fact that Human Resources did offer Duffy two positions that he rejected and also ignores that our analysis is not about unfairness but about whether age discrimination occurred. As the district court properly found, Belk has no

14

duty or personnel policy that requires it to assign Duffy to an alternate job after it eliminated his position. For these reasons, Duffy has not shown that the decision to assign Hartman to be the director of email content instead of him was due to his age.

Finally, Duffy argues that he was discriminated against based on his age in Belk's failure to promote him to the vice president position. In a failure-to-promote claim, Belk must establish that he (1) is a member of a protected class; (2) applied for the position; (3) was qualified for the position; and (4) was rejected for the position under circumstances that give rise to an inference of unlawful discrimination. Anderson, 406 F.3d at 268. The district court found that Duffy could only satisfy the first element.

Duffy admits that he did not apply for the position but states that he was not allowed to because the executive management sought out Curley and offered her the position. Duffy cites no case law that supports this Court excusing element two of the standard when the job was not open to applicants in the first place. However, even if we were to agree with Duffy on this point, Belk has offered legitimate, non-discriminatory reasons for seeking out Curley and hiring her: she possessed extensive merchant experience, and she had been identified as a "High Potential" employee by Belk. Duffy

responds that he is qualified for the position; however, "[i]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 960-61 (4th Cir. 1996). Other than his assertions, Duffy has not offered evidence to reject Belk's non-discriminatory reasons and thus fails to meet his burden of showing that these reasons were pretexts for age discrimination.

IV.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Belk.

AFFIRMED